H. Paul Rancourt
Administrator of the
Estate of Honore Beaudet,

*vs.*

Appoline Beaudet

Kennebec, October 10, 1947.

Per curiam.

On appeal by plaintiff. Bill in equity seeking to declare null and void a deed to real estate and to order the cancellation of the record of the same in order to remove a cloud on the title. The bill was brought by the administrator of the estate of Honore Beaudet, who died intestate in 1944, against Appoline Beaudet, the widow of the plaintiff's intestate. The plaintiff claimed the real estate as assets of the estate of his intestate. The issue was tried on bill, answer, replication and proof, before a single justice. The controversy involved both the question whether there was the delivery of the deed to the defendant by her husband in his lifetime and whether there was delivery of the deed with intent to pass title.

On March 26, 1932, Honore Beaudet executed and acknowledged a warranty deed, in usual form, conveying to his wife Appoline Beaudet his one-half interest in certain real estate. The deed was recorded on the same date. The learned justice hearing the case found that: "The deed was delivered by the husband to the wife in 1932 after it was recorded and was kept by the wife in her possession and control"; that it "Was delivered by the husband to the wife in 1932 with the intention of passing title to her, and that thereby the wife acquired title to the property, and that the administrator of the estate has no claim thereto." By decree the bill was dismissed with costs.

The court cannot disregard its oft repeated holding "That the findings of a single justice in equity upon questions of fact necessarily included are not to be reversed upon appeal unless they are clearly wrong, and that the burden is always upon the appellant to satisfy the court that such is the fact, and that otherwise the decree appealed from must be affirmed." *Adams* v. *Ketchum,* 129 Me. 221; *Gerrish Ex'r* v. *Chambers et al,* 135 Me. 74.

A careful examination of the entire record in the case leads us to conclude that the appellant has not sustained the burden of satisfying this court of error in conclusions of law or findings of fact on the part of the sitting justice in dismissing the bill. The evidence amply justified the findings of the sitting justice.

*Appeal dismissed.*

*Decree fully affirmed, with*
*additional bill of costs.*

*Jerome G. Daviau,* for plaintiff.

*Burleigh Martin,*
*Robert Martin,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ.